UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BETTY HAMILTON                                         CIVIL ACTION

VERSUS                                                 NO. 07-6533

SAFECO INSURANCE COMPANY                               SECTION "N"  (4)
OF AMERICA

## ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 3)**.  After reviewing the

Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, the Court

grants the motion to remand for the reasons expressed herein.

## I.      BACKGROUND

The property of Betty Hamilton ("Hamilton"), located at 627 Caffin Avenue in New Orleans,

Louisiana sustained wind damage during Hurricane Katrina.  At that time, Hamilton's property was

insured by Defendant Safeco Insurance Company of America ("Safeco").  Hamilton filed suit

against Safeco in state court seeking the amount due under the policy.  Hamilton did not plead a

specific amount of damages in her Petition.  Safeco removed the action to this Court, based on

diversity jurisdiction.

## II.  LAW AND ANALYSIS

In Louisiana state courts, plaintiffs are generally not allowed to plead a specific amount of

monetary damages.[1]  The Fifth Circuit has held that when a case in which the plaintiff has alleged

---

[1]        The Court notes that Louisiana Code of Civil Procedure Article 893 provides:

> A. (1) No specific amount of damages shall be included in the allegations or prayer for
> relief of any original, amended, or incidental demand. The prayer for relief shall be for
> such damages as are reasonable in the premises except that if a specific amount of
> damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the
> lack of jurisdiction of federal courts due to insufficiency of damages, or for other
> purposes, *a general allegation that the claim exceeds or is less than the requisite amount*

an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999). This burden is satisfied if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, if the defendant sets forth "summary judgment type evidence" of facts supporting a finding that the jurisdictional amount is satisfied. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). If the defendant demonstrates that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show to a legal certainty that he will not be able to recover more than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).

In this case, it is not facially apparent from the Petition that Hamilton's claim exceeds $75,000. Because the Petition is ambiguous as to the amount in controversy, the Court may consider Hamilton's post-removal stipulation. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000). The stipulation states that she "will not execute any judgment in excess of $75,000, exclusive of interest and costs..." and that she "waives any and all rights he [sic] might otherwise have to recover any amounts in excess of $75,000, exclusive of interest and costs."[2] (Exhibit A to

---

*is required* .... (emphasis added).

Here, Hamilton did not make a general allegation in her Petition that her claim is less than the requisite amount for diversity jurisdiction in federal court. While Plaintiff's counsel should adhere to the requirements of La. C.C. Proc. art. 893 in future cases, the Court finds that Hamilton's failure to make such an allegation in this case does not divest this Court of its independent and continuing duty to examine the basis for subject matter jurisdiction. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir.2004); *Toney v. Ryan's Family Steak Houses, Inc.*, 2007 WL 519090, at *1 n. 1 (E.D.La., Feb. 15, 2007).

[2]    The stipulation bears the signature of Plaintiff's counsel. The Court notes that such representation before this Court is made in conformity with Fed.R.Civ.P. 11. If Hamilton is ultimately awarded an amount in excess of this by the state court, and subsequently seek to enforce the judgment for more than $75,000, including attorney's fees but excluding costs and interest, Safeco may then seek relief from judgment and sanctions against Hamilton and her counsel from this Court. *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126, at *2 (E.D.La. March 6, 2007); *Midkiff v. Hershey Chocolate U.S.A.*, 1998 WL 419498, at *1 (E.D.La. July 21, 1998).

2

Motion to Remand).  The Court concludes that Hamilton's binding stipulation clarifies her ambiguous Petition and demonstrates that the amount in controversy is not satisfied.  Regardless of what the policy limit is on her policy of insurance with Safeco, Hamilton is legally precluded from recovering any sums exceeding $75,000, by virtue of the irrevocable stipulation filed with this Court.[3] Also, the Court is mindful of the fact that removal jurisdiction is strictly construed. See *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Thus, this Court lacks diversity jurisdiction.

## III.    CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 3)** is **GRANTED**.  This case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 29th day of February, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[3]      This ruling does not in any way prejudice Safeco's right to seek removal if, in the future, Hamilton attempts to increase her damages demand. In such case, removal would most likely be proper, even if such attempt came more than a year after commencement of her suit, based on equitable estoppel principles. See *Hux v. General Motors Acceptance Corp.*, 1998 WL 34202916, at *3 n. 3 (S.D.Miss. Mar. 30, 1998).